```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

United States of America,        *

      Plaintiff,                 *

vs.                              *
                                        CASE NO. 4:10-CV-100(CDL)
$162,576.00 in United States     *
Funds,
                                 *
      Defendant Property.
                                 *
Kenya Renee Thomas,
                                 *
      Claimant.
                                 *
```

O R D E R

This is a civil forfeiture action. On April 26, 2010, deputies from the Muscogee County Sheriff's Office seized $162,576.00 from Claimant Kenya Renee Thomas's residence. The Government filed a civil forfeiture action against the seized funds. The Government contends that the funds constitute money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). Thomas filed a Verified Claim (ECF No. 6) to the funds and she also filed an Answer to the Government's Complaint (ECF No. 8). The Government filed its Motion to Strike Claim and Answer, and for

Summary Judgment (ECF No. 14) arguing that Thomas lacks Article III standing to contest the forfeiture. Thomas then filed a Motion for Summary Judgment (ECF No. 16) contending that she does have standing. For the following reasons, the Court finds that Thomas does not have standing to contest the forfeiture. Accordingly, the Government's motion is granted and Thomas's motion is denied.

## STANDARD

Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Suppl. R. G.") governs procedure in civil forfeiture suits brought by the Government. Suppl. R. G(1). In this forfeiture action where the Government asserts that the claimant lacks standing and has moved to strike a claim and answer by summary judgment, the Court must determine "whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Suppl. R. G(8)(c).

## FACTUAL BACKGROUND

The undisputed facts are as follows.[1] In March 2010, the Muscogee County Sheriff's Office ("Sheriff's Office") received information from a confidential source that Carlton Jhamar Anderson was selling cocaine from an apartment at Columbus

---

[1] The facts are based largely on the Government's statement of material facts in support of its motion, which Thomas does not dispute.

Villas Apartments in Columbus, Georgia. The Sherriff's Office began investigating Anderson's activities. At that time, Anderson had an outstanding arrest warrant for a narcotics probation violation. When surveillance began, Anderson and Thomas were moving from an apartment into a residence on Stony Creek Drive, Columbus, Georgia ("the residence"). The utilities for the residence were in Thomas's name.

The Sheriff's Office obtained search warrants for the residence and the apartment on April 16, 2010 based on its investigation and Anderson's outstanding arrest warrant. On April 26, 2010, the Sheriff's Office executed the search warrants.

During the search of the residence, officers found $162,576.00 in United States currency. The funds were found in bags, a pair of shorts, and on a bedroom dresser. The officers also found a hand gun, marijuana, and documents resembling drug ledgers. Thomas and Anderson were present during the execution of the search warrant. Both initially denied any knowledge of the currency. Anderson later stated that the money belonged to his mother. Officers also searched the apartment and found cocaine, digital scales, and Pyrex dishes and zip lock bags with cocaine residue.

After the search, Anderson was arrested and indicted for trafficking cocaine, possession of a firearm by a convicted

3

felon, and possession of marijuana. While incarcerated, Anderson made several phone calls to Thomas regarding the seized funds. The jail monitored these conversations. Anderson and Thomas discussed that the currency was still inside the house when the officers executed the warrant but that other items had been removed before the search. Anderson told Thomas that the seized currency was supposed to have gone to his brother Carlesix Anderson, and that some of the money belonged to his partners. Anderson instructed Thomas that he wanted to know how she spent the money. Anderson told Thomas that he received a letter from the "Feds" regarding the seized currency, and he said that he knew it was going to be a problem because it was too much money for a man without a job to have. He also told Thomas that if someone tried to claim the money and the "Feds" found out they were lying, then that person could be charged.

Anderson moved to suppress the evidence gathered at the residence, including the funds at issue in this action. The superior court granted the motion finding there was no probable cause to issue the search warrant of the residence. After the United States Attorney's Office filed a Verified Complaint for Forfeiture of the $162,576.00, Thomas filed a Verified Claim to the funds claiming ownership "on the basis that the currency was seized from her home . . . by an illegal search conducted by

4

deputies of the Sheriff of Muscogee County, Georgia." Verified Claim ¶ 2, ECF No. 6.

In her Affidavit, Thomas stated, "Other than Carlton's clothes and bathroom items, everything in the house belonged to me and my children." Claimant's Resps. to Pl.'s Mots. to Strike Claim & Answer & Mot. for Summ. J., & Claimant's Mot. for Summ. J. [hereinafter Claimant's Resps. & Mot.] Attach 4, Aff. of Claimant ¶ 2, ECF No. 16-4 [hereinafter Thomas Aff.]. She further stated, "I knew that the money was in the bags and that it was in my den closet when the police began searching." *Id.* ¶ 3. During discovery in this case, Thomas asserted the Fourth Amendment and invoked her Fifth Amendment Privilege. Claimant's Answers to Pl.'s Special Interrogs. 4-13, ECF No. 15-5; Claimant's Answers to Pl.'s First Interrogs. & Req. for Produc. of Docs. 4-9, ECF No. 15-6; Thomas Dep. 14:2-24:3, ECF No. 15-1. Thomas submitted no other evidence of her interest in the funds.

DISCUSSION

The Government claims that Thomas lacks Article III standing to pursue her claim because she has presented no evidence that she had a sufficient ownership or possessory interest to establish standing. Thomas asserts that she has "met the standard of Article III standing in this Circuit based solely on her verified claim and possession of the money as owner of the home." Claimant's Resps. & Mot., Attach. 1,

5

Claimant's Resp. to Pl.'s Mot. to Strike Claim & Answ. & for Summ. J., & Mem. of Law in Supp. of Claimant's Mot. for Summ. J. 4, ECF No. 16-1.  In essence, Thomas claims that she has an interest in the funds because they were illegally seized from her home.  As discussed below, the Court concludes that Thomas has not presented sufficient evidence to establish standing.

**I.   Standard for Standing in a Forfeiture Case**

Whether a claimant lacks standing is a threshold jurisdictional question.  *Via Mat Int'l S. Am., Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006).  Standing "must be addressed prior to and independent of the merits of a party's claims."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).  In a forfeiture case, standing "must be decided before any motion by the claimant to dismiss the action."  Suppl. R. G(8)(c)(ii)(A).  The Court therefore decides the issue of standing before considering Thomas's Motion for Summary Judgment.

The claimant bears the burden of establishing standing. *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984) (per curiam).  The claimant must "carry the burden of establishing standing by a preponderance of the evidence."  Suppl. R. G(8)(c)(ii)(B).  In a forfeiture action, the claimant must show that she has an interest in the defendant funds or property in satisfaction of both Article III standing

6

and statutory standing requirements.  *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987).

## II. Thomas Has Not Submitted Sufficient Evidence to Establish Standing

To satisfy the case or controversy requirement of Article III, Thomas must "make[] a valid claim that [s]he has a legally cognizable interest in the property that will be injured if the property is forfeited to the government."  *Id.* at 1543 n.12.  Thomas is required to present at least some evidence of her interest in the funds to establish standing.  *Five Hundred Thousand Dollars*, 730 F.2d at 1439.  First, Thomas must assert an ownership or possessory interest in the property seized.  *Id.*  Second, Thomas must show dominion and control over the property.  *United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986).

### A. <u>Thomas Did Not Support her Asserted Interest in the Funds</u>

Thomas cannot satisfy these requirements because she has presented no evidence to explain or support her interest.  Thomas did not directly assert ownership of the funds.  After initially denying ownership of the funds, Thomas simply stated that the money was seized from her home, "everything in the house belonged to [her]," and the closet where the money was

7

seized "contained only items that belonged to [her]." Thomas Aff. ¶¶ 2-3. Thomas, thus, asserted only ownership in the *location* of the funds and not ownership of the actual funds.

Thomas relies on two district court cases to assert that her verified claim of ownership and possession of the cash at the time of seizure establish her standing to bring this claim. Both cases are distinguishable from the case at bar. First, Thomas relies on *United States v. Three Hundred Thirty-Nine Thousand, Eight Hundred Eighty-Four Dollars ($339,884.00) in United States Currency*, No. 99-2238-CIV, 2000 WL 34612065 (S.D. Fla. Mar. 2, 2000). In that case, the claimant had the funds in his car and he was the only person in the car when it was stopped and searched. *Id.* at *3. That court held that the claimant's physical possession of the funds at the time of seizure combined with his verified claim stating that he was the owner of the funds established a sufficient interest to confer standing. *Id*. at *5. Thomas cannot meet this standard for standing because she has never stated that she is the "owner" of the currency. Instead, she has made a tactical decision to claim ownership only of the house where the funds were seized. Further, the Government in *$339,884.00* also stated in its verified complaint that the claimant had "control" over the funds immediately before the seizure. *Id.* at *4. The Government here has not stated or even hinted that Thomas had

8

anything more than "naked possession" of the funds prior to their seizure.

Second, Thomas relies on *United States v. Sixty-Eight Thousand Five Hundred Eighty Dollars ($68,580.00) in U.S. Currency*, 815 F. Supp. 1479 (M.D. Ga. 1993). There, the money was found in the claimant's companion's purse, and both the companion and the claimant said that the money belonged to the claimant. *Id.* at 1481. The court found that the claimant had standing to contest a forfeiture of cash based on the claimant's claim of ownership combined with a police officer's admissions that the claimant "controlled the money" and, according to his investigation, "owned the money." *Id.* None of the dispositive factors from that case, specifically claimant's control of the money, proven ownership, or claimant's statement that he "owns" the money, are present in this case. The Government never admitted nor does Thomas assert that Thomas had any control over the money. No investigation or evidence proffered by either party has shown Thomas is the owner of the currency. And, Thomas has never stated that she owned the money. Further, these cases do not support Thomas's argument that mere possession plus the assertion of a claim establish standing. Both cases turn in part on the claimants' control over the currency beyond mere possession at the time of the seizures.

A "possessory interest," not just simple possession, may suffice for standing. *$38,000.00*, 816 F.2d at 1544. For example, standing exists where the possessor is the bailee or agent of the currency for the owner of that currency. *Id.*; see also *United States v. $321,470.00, U.S. Currency*, 874 F.2d 298, 304 (5th Cir. 1989) ("No one can question the standing of a bailee or agent to attack a forfeiture of property subject to a lawful or even colorably lawful bailment or agency.") A bailment or agency results in a common law possessory interest in property. *$38,000.00*, 816 F.2d at 1544. In contrast, knowing the location of money and owning the location do not create any legally recognized property interest. Thomas asserts possession based on the money being in her home with her knowledge. Thomas Aff. ¶ 3. Thomas does not explain how these facts alone create a legally recognized property interest in the funds, nor does she cite any controlling authority supporting her conclusory allegations.

Even construing all reasonable inferences in her favor, Plaintiff at most has established mere possession, and mere possession alone is not sufficient to establish standing, particularly in this context. As the Eleventh Circuit observed, "things are often not what they appear to be, especially in the world of drug trafficking." *A Single Family Residence*, 803 F.2d at 630 (internal quotation marks omitted).

Therefore, in forfeiture cases courts generally require some evidence of dominion and control over the property to establish standing. *Id.* Requiring evidence of dominion and control helps to make sure that the claim is not baseless and the claimant is not "a 'strawman' set up to conceal the financial affairs or illegal dealings of someone else." *Id.* (internal quotation marks omitted). Showing dominion and control in addition to ownership or possession establishes an actual connection between the claimant and the defendant property. *United States v. One 1990 Beechcraft*, 619 F.3d 1275, 1279 (11th Cir. 2010). Strawman concerns arise in this case based on the following: Thomas lived with Anderson, who was previously convicted of narcotics crimes, at the residence where the funds were seized; Thomas has skirted the issue of explaining her interest in the money; and the amount of loose cash seized is more difficult to trace to an owner than titled real property.

Thomas has failed to present sufficient evidence from which a reasonable fact finder could conclude that she exercised dominion or control over the funds. Moreover, she has produced no evidence to alleviate the concerns raised by her conduct that support a finding that she may be acting as a strawman for the true owner of the funds. Thomas's initial denial of knowledge of the funds after their seizure and until filing her claim demonstrates a lack of control over the funds and is

inconsistent with her subsequent claim to the money. *See $321,470.00,* 874 F.2d at 304 (stating that frequent denials of ownership and control of funds is inconsistent with a claim to the funds). This inconsistency prompts the same concern that prevents legal title alone from establishing standing, namely that false claimants will seek funds on behalf of wrongdoers. *A Single Family Residence,* 803 F.2d at 630. Amid these concerns, Thomas's assertion of ownership in her home is not enough to establish standing to claim the currency.

The undisputed facts tend to show that Anderson, who has not filed a claim to the funds, had more control over the property than Thomas. The phone conversations between Thomas and Anderson during his incarceration combined with the dearth of evidence put forth by Thomas indicate that ownership and control over the funds more likely rested with Anderson. Anderson told Thomas that he wanted to monitor her spending of the funds and that the funds belonged to his brother and partners. These statements evidence Anderson's intention to control the funds and Thomas's use of them.

Where the evidence shows that someone else is performing active functions related to the property indicative of dominion and control, the claimant must show by a preponderance of the evidence that she was the one exercising control over the property. *One 1990 Beechcraft*, 619 F.3d at 1279. Thomas has

not provided evidence of dominion and control to meet this burden as required for standing. Instead, Thomas refused to give any details or explanation of her interest in and connection to the money. She simply stated the money was in her home with her knowledge and that the funds were illegally seized.

      B.    <u>Thomas Cannot Rely on Either the Fourth or Fifth Amendment to Avoid her Burden to Establish Standing</u>

During her deposition, Thomas declined to answer questions about the source of and her interest in the currency on the grounds that the search violated the Fourth Amendment, and she also invoked her Fifth Amendment privilege. *See, e.g.*, Thomas Dep. 14:2-15:2. In response to interrogatories about her personal income, assets, and finances, Thomas explicitly stated that "we are relying solely on the illegality of the search in this case." Claimant's Answers to Pl.'s First Interrogs. & Req. for Produc. of Docs., Resps. to Interrogs. Nos. 2, 4, 6-11, ECF No. 15-6. In response to interrogatories regarding the source of the money and the circumstances of her interests in the money, Thomas stated that "[a]s the sole leaseholder of the premises in question the claimant has standing to claim the money taken from her home and is not required to justify her claim to the funds in question as the burden of proof is not on the claimant where the seizure is clearly illegal." Claimant's

Answers to Pl.'s Special Interrogs., Resps. to Special Interrog. Nos. 6-17, ECF No. 15-5.

Thomas's reliance on the Fourth Amendment is insufficient to establish her interest in the funds. Ownership must be addressed before probable cause for the underlying search and seizure. *United States v. Two Parcels of Real Prop. Located in Russell, County, Ala.*, 92 F.3d 1123, 1126 (11th Cir. 1996) (per curiam). In other words, Thomas must first establish standing before raising Fourth Amendment issues of illegal search and seizure. *United States v. $1,185.135.00 in U.S. Currency*, 320 F. App'x 893, 894 (11th Cir. 2008) (per curiam). Thomas's assertion of the Fourth Amendment in lieu of evidence of her interest is insufficient to establish standing.

At the summary judgment stage, the claimant "can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence *specific facts*." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)(emphasis added). A claimant in a forfeiture action must support her asserted interest in the property "in the same way as any other matter on which the claimant bears the burden of proof." *United States v. Nine Hundred Sixty Thousand Dollars in U.S. Currency*, 307 F. App'x 251, 255 (11th Cir. 2006). A claimant who "is either unable or is unwilling to provide any evidence supporting his assertion that he has a lawful possessory interest in the money seized"

14

fails to carry his burden of proof as to his standing. *$321,470.00,* 874 F.2d at 303-04. Again, Thomas has provided the Court no evidence that she has a lawful possessory interest in the funds.

Thomas invoked the Fifth Amendment during her deposition in response to all questions related to her interest in the money. She refused to answer questions on the basis that "she is currently liable for prosecution by the state of Georgia as a party to the crime involving Stony Brook and another location." Thomas Dep. 14:25-15:2.

The Fifth Amendment does not prevent the Court from requiring that Thomas allege a specific property interest in the funds. To the contrary, Thomas cannot use the Fifth Amendment, which is designed as a "'shield against compulsory self-incrimination,'" as a "'sword whereby [she] would be freed from adducing proof in support of a burden which would otherwise have been [hers].'" *Arango v. United States Dep't of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997) (quoting *United States v. Rylander*, 460 U.S. 752, 758-59 (1983)).

Proof of a claimant's interest is required. A claimant who remains silent "must bear the consequence of a lack of evidence." *Id.* at 927 (internal quotation marks omitted). Thomas, like any other claimant, must balance the harms and advantages of silence over explanation. *Id.* By choosing silence

15

over her burden to establish standing, Thomas failed to carry her burden to establish standing by producing evidence. The Fifth Amendment is not a substitute for standing. *Id.* at 926-27.

## CONCLUSION

As discussed above, the Court finds that Thomas has not met her jurisdictional burden of establishing Article III standing. The Court therefore need not address the parties' additional arguments. The Court finds the cash totaling $162,576.00 to be subject to forfeiture, and the Court orders that the cash be forfeited to the United States. Judgment shall be entered accordingly.

For the reasons set forth above, Government's Motion to Strike Claim and Answer, and for Summary Judgment (ECF No. 14) is granted. The Court strikes both Claimant's Answer and Claim and enters summary judgment for the Government. Claimant Thomas's Motion for Summary Judgment (ECF No. 16) is denied.

IT IS SO ORDERED, this 1st day of November, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE